IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN SCOTT BURKHARDT, # 0574630,** : | |
|     **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 16-536-WS-C** |
| **MOBILE COUNTY SHERIFF'S OFFICE,** : *et al.*, | |
| : | |
|     **Defendants.** | |

### REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint (Doc. 1).**

Plaintiff filed this § 1983 action against two defendants, the Mobile County Sheriff's Office and the Mobile Police Department. (Doc. 1 at 5). His claims against these entities arose on April 1, 2016, when alleges that he was entrapped by a person in custody to commit a crime. (*Id.* at 4). As a result, "excessive and deadly force" was used against him, i.e., he was shot over sixteen times while he was lying on ground, officers put his injured arms in restraints, and while he was bleeding, they dragged him across the ground. (*Id.*). Plaintiff was left disabled with a serious bodily injury. (*Id*).

For relief, plaintiff wants help attaining his freedom[1] and punitive damages.  (*Id.* at 7).  This is the extent of his allegations in his brief complaint.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

---

[1] Release from incarceration cannot be obtained in the present action brought pursuant to 42 U.S.C. § 1983; release can only be gained in a habeas action filed pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

In order to state a claim under § 1983, a plaintiff must show: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981, *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Plaintiff cannot make this showing because "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that an Alabama's Sheriff's Department is not a suable entity because it lacks the capacity to be sued). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." FED.R.CIV.P. 17(b); *see Dean,* 951 F.2d at 1214.

Likewise, "[i]n Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes." *Marks v. Selma City Police Dep't,*

3

CA No. 14-0338-WS-C, 2014 WL 4772658, *1 (S.D. Ala. 2014) (quoting *Blunt v. Tomlinson,* 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009); *see Hawkins v. City of Greenville,* 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000) (finding the Greenville Police Department is not a proper party or suable entity); *Lee v. Wood,* 2007 WL 2460756, *7 (S.D. Ala. 2007)(finding the City of Mobile Police Department is not a suable entity under Alabama law); *Higginbotham v. City of Pleasant Grove,* 2013 WL 5519577, *6 (N.D. Ala. 2013) (finding the Pleasant Grove Police Department is not a suable entity and dismissing it with prejudice); *accord Mann v. Hillsborough Cnty. Sheriff's Office,* 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) ("[T]he police department is the vehicle through which the city fulfills its policing functions[, and,] [t]herefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city."); *Eddy v. Miami,* 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit.").

Inasmuch as the Mobile County Sheriff's Office and the Mobile Police Department are not suable entities under Alabama law, the claims against defendants Mobile County Sheriff's Office and Mobile Police Department are frivolous as a matter of law.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in

it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 23rd day of January, 2017.

s/ WILLIAM E. CASSADY<br>UNITED STATES MAGISTRATE JUDGE